**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICK MALONE | &#124; |
| 910 17th Street, N.W., 7th Floor | &#124; |
| Washington, DC 20006-2606, | &#124; |
| | &#124; |
| PRATHEEK REBALA | &#124; |
| 910 17th Street, N.W., 7th Floor | &#124; |
| Washington, DC 20006-2606,    and | &#124; |
| | &#124; |
| CENTER FOR PUBLIC INTEGRITY | &#124; |
| 910 17th Street, N.W., 7th Floor | &#124; |
| Washington, DC 20006-2606, | &#124; |
| | &#124; |
|     Plaintiffs, | &#124; |
| | &#124; |
| v. | &#124;    Civil Action No. 18-1081 |
| | &#124;    ECF |
| U.S. DEPARTMENT OF STATE | &#124; |
| 2201 C Street, N.W. | &#124; |
| Washington, DC 20520,    and | &#124; |
| | &#124; |
| U.S. DEPARTMENT OF ENERGY | &#124; |
| 1000 Independence Ave., S.W. | &#124; |
| Washington, DC 20585, | &#124; |
| | &#124; |
|     Defendants. | &#124; |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, Patrick Malone, Pratheek Rebala, and the Center for Public Integrity ("the Center"), bring this action for declaratory and injunctive relief, alleging as follows:

**Nature of Action**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

4.      Plaintiff Patrick Malone is an investigative reporter employed by the Center for Public Integrity since May 2015. His assignments include covering national security issues.

5.      Plaintiff Pratheek Rebala is a news developer employed by the Center for Public Integrity since December 2017. His assignments include developing visual journalism, including news graphics and interactive projects, in support of the Center's investigative journalism.

6.      Plaintiff Center for Public Integrity is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by revealing abuses of power, corruption and betrayal of public trust by powerful public and private institutions, using the tools of investigative journalism." "About The Center for Public Integrity," http://www.publicintegrity.org/about. Plaintiffs Malone and Rebala are seeking the production of agency records on behalf of Plaintiff Center for Public Integrity, their employer.

7.      Defendant U.S. Department of State ("State Department," or "State") is an agency of the United States. Defendant State Department has possession of and control over records that Plaintiffs seek.

8.      Defendant U.S. Department of Energy ("DOE") is an agency of the United States. The National Nuclear Security Administration ("NNSA") is a component agency or office of Defendant DOE. Defendant DOE has possession of and control over records that Plaintiffs seek.

### Plaintiffs' First Freedom of Information Request to State

9.      On March 22, 2016, Plaintiff Malone requested from the State Department:

All records distributed by or to any member of the State Department administration between Jan. 1, 2014, and the present, March 22, 2016, that reference the term "Pope," "Father," "Vatican," "pontiff," "pontif," "@pontifex," "papal" or any code name created to represent references to Pope Francis.

The State Department assigned request number F-2016-01987 to this request.

10.     After consultation with the State Department's FOIA Office, on July 16, 2016, Plaintiff Malone narrowed the scope of the request, limiting it to Secretary of State John Kerry and 25 other specified State Department officials.

11.     On September 20, 2017, Plaintiff Malone requested from the State Department an estimated date of completion for this request. On September 28, 2017, State replied, inter alia, "Given the high volume of FOIA requests, in addition to a backlog which the Department is working diligently to reduce, there is presently a delay in the completion of FOIA requests. The Department's electronic case notes indicate the case is still open. The searches are still pending." State did not provide an estimated date of completion.

12.     Defendant State has not produced records responsive to Plaintiffs' request nor made a determination on Plaintiffs' request.

13.     More than twenty working days have passed since Defendant State received Plaintiffs' request. Plaintiffs have therefore exhausted all applicable administrative remedies.

14.     Plaintiffs have a statutory right to the withheld records, and there is no legal basis for Defendant State's failure to make them available to Plaintiffs.

**Plaintiffs' Freedom of Information Request to DOE**

15.     On [TK], Plaintiff Malone requested from DOE:

All records distributed by or to any member of National Nuclear Security Administration headquarters administration or Department of Energy headquarters administration between Jan. 1, 2014, and the present, March 22, 2016, that reference the term "Pope," "Father," "Vatican," "pontiff," "pontif,"

"@pontifex," "papal," or any code name created to represent references to Pope Francis.

16.     DOE's FOIA Office notified Plaintiff Malone that there were thousands of records potentially responsive to the request. In response, Plaintiff Malone narrowed the scope of the request by limiting it to eight specified DOE officials, excluding the search of any code name created to represent references to Pope Francis, and excluding any communications related to the logistics of the Pope's visit to the United States. On June 9, 2016, NNSA's Office of the General Counsel notified Plaintiffs that that office had received the request (assigned request number FOIA 16-00167-M) and would process it.

17.     By letter dated December 14, 2017, NNSA's Office of the General Counsel sent Plaintiffs a "final response" to the request and produced in full four responsive emails. The letter did not notify Plaintiffs of their right to appeal the agency's determination.

18.     On information and belief, Defendant DOE possesses additional records that are responsive to Plaintiffs' request. The four records produced are almost wholly unrelated to each other; Defendant DOE did not produce any preliminary drafts and only very limited email traffic discussing or reacting to the records, despite Defendant DOE's description of the responsive records, which suggested that the responsive records would be ample.

19.     Plaintiffs have a statutory right to the withheld records, and there is no legal basis for Defendant DOE's failure to make them available to Plaintiffs.

### Plaintiffs' Second Freedom of Information Request to State

20.     On March 10, 2017, Plaintiff Rebala requested from State records related to Contract #SAQMMA17C0115, awarded to SCL Group Limited by State around February 17, 2017. The State Department assigned request number F-2017-05742 to this request.

21.     On March 20, 2018, Plaintiff Rebala requested from the State Department the status of the request and an estimated date of completion. State responded on March 22, 2018, inter alia, that "your request is still in process" and that "[t]he Department currently has a backlog of approximately 10,500 cases." State did not provide an estimated date of completion.

22.     Defendant State has not produced records responsive to Plaintiffs' request nor made a determination on Plaintiffs' request.

23.     More than twenty working days have passed since Defendant State received Plaintiffs' request. Plaintiffs have therefore exhausted all applicable administrative remedies.

24.     Plaintiffs have a statutory right to the withheld records, and there is no legal basis for Defendant State's failure to make them available to Plaintiffs.

### **Demand for Relief**

WHEREFORE, Plaintiffs request that this Court:

1.     Declare that Defendants' failure to disclose the records requested by Plaintiffs is unlawful;

2.     Order Defendants to make the requested records available to Plaintiffs;

3.     Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

4.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiffs